UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL MAURICE DIXON, JR.,

          Plaintiff,

v.

CHARLES BOKEMEIER,

          Defendant.
_____/

Case No. 23-12662
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) (ECF No. 1)**

**I.     RECOMMENDATION**: The Court should **DISMISS** Plaintiff's Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II.    REPORT:**

**A. Background**

On October 20, 2023, Plaintiff Samuel Maurice Dixon, Jr., a state prisoner housed at Gus Harrison Correctional Facility, filed a *pro se* complaint (ECF No. 1) against Defendant Dr. Charles Bokemeier, a professor at Michigan State University ("MSU"), and an application to proceed without prepaying fees or costs (ECF No. 2). The case was assigned to the Honorable David M. Lawson, who granted the application and referred the case to me for general case management on February 28, 2024. (ECF Nos. 6, 7.)

Plaintiff brings suit against his former professor at MSU, alleging that Dr. Bokemeier attempted to "lazer-gate" him in front of his Accounting classroom *in Spring of 2010*, and "called the militia to harm" him.  (ECF No. 1, PageID.5.)  Thereafter, "a dog then attacked Dr. 'B' on [Plaintiff's] behalf but was unsuccessful."  (ECF No. 1, PageID.7.)  According to Plaintiff, the "whole class" next "celebrated the occasion" with "music and fresh air" and a so-called "nastally."  (*Id.*)  Plaintiff contends that a meeting was scheduled to discuss what happened but, in the meantime, Plaintiff was "a victim of a justifiable homicide" when Defendant shot him thirteen times, "while telling me he did it for Louis Automobile Club de France."  (*Id.*)  Due to these events, Plaintiff claims he now suffers from constant migraines, shortness of breath, and "other brain problems like off beat [sic] mechanics" and sight-loss.  (*Id.* at PageID.8.)  In his prayer for relief, Plaintiff requests, simply "criminal charges."  (*Id.*)

### B. Analysis

Civil complaints filed by a *pro se* prisoner who, as here, has been granted in forma pauperis status, are subject to the screening requirements of 28 U.S.C. §§ 1915(e)(2) & 1915A(b) "at any time."  *Brown v. Bargery*, 207 F.3d 863, 865-66 & n.3 (6th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (affirming that § 1915(e)(2) remains applicable throughout the litigation process), *abrogated on other grounds* by *Jones v. Bock*, 549 U.S. 199 (2007).  Congress

enacted 28 U.S.C. § 1915 seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

To address this concern, Congress included subsection (e) as part of the statute, which requires district courts to screen and to *sua sponte* dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Neitzke*, 490 U.S at 328-29. The Court is similarly required to dismiss a prisoner complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325.

Because Plaintiff is a prisoner who is proceeding *in forma pauperis* in this matter, the Court begins its consideration pursuant to these statutes. *See McGore*, 114 F. App'x at 608 ("When screening a prisoner complaint, a district court must

examine both § 1915(e)(2) and § 1915A."). Dismissal of the case is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). Moreover, an IFP complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id.* at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (dismissal appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible").

The allegations summarized above—that Defendant was the victim of a homicide after being shot thirteen times, being "lazer-gated," and had the militia brought into a class on MSU campus fourteen years ago are irrational and delusional. As such, "Plaintiff's Complaint is frivolous, as his allegations are clearly baseless and delusional," and should be dismissed. *See Dorr v. AT&T*, No. 12-10393, 2012 WL 694728, at *2 (E.D. Mich. Feb. 16 2012) (collecting cases). Moreover, even if by some odd happenstance, his Complaint stated a cause of action, it must nonetheless be dismissed because it: (1) is based on actions which occurred fourteen years ago and is therefore likely barred by the statute of limitations; (2) is based on events which occurred in East Lansing, Michigan, and has therefore been brought in the wrong venue; and, (3) seeks relief that this Court cannot grant: to force a criminal prosecution.

### C. Conclusion

Accordingly, Plaintiff's Complaint should be **DISMISSED** as frivolous and for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

_____
Anthony P. Patti
Dated: March 4, 2024            UNITED STATES MAGISTRATE JUDGE